NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 10 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRENDA ELIZABETH PEREZ; CHRISTOPHER ALEXANDER RIOS-PEREZ,<br><br>Petitioners,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 24-4630<br><br>Agency Nos.<br>A203-525-991<br>A203-525-992<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 7, 2025**

Before: OWENS, LEE, and BUMATAY, Circuit Judges.

Brenda Elizabeth Perez and her son are natives and citizens of Guatemala.

They petition for review of the Board of Immigration Appeals' (BIA) decision

affirming the Immigration Judge's (IJ) denial of Perez's applications for asylum,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

Our review is limited to the BIA's decision except where the BIA expressly adopts the IJ's decision. *Rodriguez v. Holder*, 683 F.3d 1164, 1169 (9th Cir. 2012). We review the agency's denial of asylum, withholding of removal, and CAT claims for substantial evidence. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019).

1. To qualify for asylum, a petitioner must demonstrate a likelihood of "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). "To be eligible for withholding of removal, the petitioner must discharge this burden by a 'clear probability.'" *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (citation omitted); *see also* 8 U.S.C. § 1231(b)(3)(A).

For both asylum and withholding of removal, "the persecution must have been 'committed by the government' or, as relevant here, 'by forces that the government was unable or unwilling to control.'" *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020) (citation omitted). On appeal to this court, the petitioners do not challenge the BIA's determination that they waived the argument that the Guatemalan government is unable or unwilling to protect them. We will not consider arguments not properly exhausted before the agency. *Bare v. Barr*, 975 F.3d 952,

960 (9th Cir. 2020). Additionally, by failing to challenge the agency's government-acquiescence determination on appeal, the petitioners forfeited review of that dispositive determination. *See Hernandez v. Garland*, 47 F.4th 908, 916 (9th Cir. 2022).

2.      To qualify for CAT relief, an applicant must establish that "it is more likely than not that he or she would be tortured if removed," *Hernandez v. Garland*, 52 F.4th 757, 769 (9th Cir. 2022) (quoting 8 C.F.R. § 1208.16(c)(2)), and that such torture would "be undertaken 'at the instigation of, or with the consent or acquiescence of, a public official,'" *id.* (quoting 8 C.F.R. § 1208.18(a)(1)). Because the petitioners do not challenge the agency's denial of their CAT claim, they have forfeited review of their claim before this court. *See Hernandez*, 47 F.4th at 916.

**PETITION DENIED**.[1]

---

[1] The petitioners' motion to stay removal (Dkt. 2) is denied as moot.